1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    RICARDO EDWIN LANIER,          CASE NO. 1:10-cv-00403-GBC

10                 Plaintiff,          ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE

11       v.                     TO EXHAUST ADMINISTRATIVE REMEDIES

12    P. GRANT, et al.,             (ECF. No. 1)

13                 Defendants.      THIRTY-DAY DEADLINE

14

15       Plaintiff Ricardo Edwin Lanier ("Plaintiff") is a former state prisoner proceeding pro se and

16 in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Currently pending before

17 the Court is the complaint, filed March 8, 2010.  (Compl., ECF No. 1.)

18       The Court is required to screen complaints brought by prisoners seeking relief against a

19 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

20 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

21 "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

22 monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

23       Plaintiff brings this action against Defendants P. Grant and T. Peterson alleging that

24 excessive force was used against him on January 6, 2010.  Plaintiff has checked both boxes yes and

25 no in the section for exhaustion of administrative remedies and states he filed pursuant to Cal. Code

26 Regs., tit. 15 § 3084.1.  However "Plaintiff has had numerous problems with appeal process because

27

28        [1] Although Plaintiff is currently out of custody, he was incarcerated at the California Correctional Institution at the time the complaint was filed.

grievances filed by Plaintiff in past have always gotten lost by prison officials." (Compl. § II, ECF No. 1.)  Plaintiff includes copies of an administrative appeal in his exhibits to the complaint, however the appeal was filed prior to this incident occurring.  Additionally, since this incident occurred on January 6, 2010, and the complaint was filed on March 8, 2010, it appears that there has not been sufficient time for Plaintiff to have completed the administrative remedies process.  Since Plaintiff states in his complaint that he has not exhausted his administrative remedies, the Court will order that he show cause why this action should not be dismissed for failure to exhaust.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies  is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001).  Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit.   Woodford v. Ngo, 548 U.S. 81 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)).

"All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).  There is no exception to the exhaustion requirement for imminent harm.  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending.  Lira, 427 F.3d at 1171.  Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of service of this order.  Failure to follow this order will result in the action being dismissed, without prejudice, for failure to comply with the order of the Court.

IT IS SO ORDERED.

Dated:   February 18, 2011

UNITED STATES MAGISTRATE JUDGE