# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO EDWIN LANIER, | CASE NO. 1:10-cv-00403-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| P. GRANT, et al., | CLERK TO CLOSE CASE |
| Defendants. | |

Plaintiff Ricardo Edwin Lanier ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction on March 19, 2010. (ECF No. 4.) On February 18, 2011, the Court mailed Plaintiff an Order to Show Cause why his action should not be dismissed for failure to exhaust. Plaintiff was given thirty days to respond. (ECF No. 12.) On March 11, 2011, the Court's Order was returned as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned and Plaintiff has not notified the Court of a new address.

1  In determining whether to dismiss an action for lack of prosecution, the Court must
2 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)
3 the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
4 public policy favoring disposition of cases on their merits; and (5) the availability of less
5 drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v.
6 King, 856 F.2d 1439 (9th Cir. 1988).

7  Given the Court's inability to communicate with Plaintiff, dismissal is the only
8 appropriate sanction.  Moreover, the public's interest in expeditious resolution of litigation,
9 the Court's need to manage its docket, and the risk of prejudice to Defendants in allowing
10 this case to linger greatly outweigh the policy favoring disposition of cases on the merits.

11  Accordingly, it is hereby ORDERED that the instant action be dismissed without
12 prejudice for failure to prosecute and/or obey a Court order.
13 IT IS SO ORDERED.

14
15 Dated:   June 6, 2011                                        _____
                                                                 UNITED STATES MAGISTRATE JUDGE